11-5272
*Byrne v. Ceresia et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER,
        RICHARD C. WESLEY,
        PETER W. HALL,
           *Circuit Judges.*

---

George Byrne,

                    *Plaintiff-Appellant,*

     v.                 11-5272

George B. Ceresia, Sued in his Official and Individual Capacities, Jan Plumadore, Sued in his Official and Individual Capacities, New York State Office of Court Administration,

                    *Defendants-Appellees.*

---

FOR APPELLANT:    Michael H. Sussman, Sussman & Watkins, Goshen, NY.

FOR APPELLEE:    Claude S. Platton, Steven C. Wu, Assistant Solicitor Generals, Barbara D. Underwood, Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiff-Appellant George Byrne ("Byrne") appeals from a November 22, 2011 memorandum and order of the United States District Court for the Southern District of New York (Pauley, *J.*) granting Defendants-Appellees the Honorable George B. Ceresia, the Honorable Jan Plumadore, and the New York State Office of Court Administration ("OCA") (together, the "Defendants") summary judgment.  Byrne commenced this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional right to due process by failing to provide adequate notice and an opportunity to be heard before terminating his position as a court officer-captain for the OCA.  He further alleged that Defendants failed to accommodate his disability in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law §§ 290, 296.  The district court held that Byrne had suffered no deprivation of due process and also declined to exercise supplemental jurisdiction over Byrne's NYSHRL claims.  The panel has reviewed the briefs and the record in this appeal

2

and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(C). For the following reasons, we affirm.

Where a due process claim is "based on random, unauthorized acts by state employees," there is no due process violation "so long as the State provides a meaningful post-deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 535 (1984)). Here, Byrne does not challenge OCA's established procedures for terminating disabled employees. Rather, he claims that Defendants failed to follow those procedures and thereby deprived him of due process. Considering Byrne's allegations, the availability of an Article 78 proceeding under New York's Civil Practice Law and Rules was sufficient to satisfy his right to due process. *See Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881 (collecting cases holding that Article 78 provides an adequate post-deprivation remedy).

Byrne counters that the principle that a post-deprivation remedy is adequate to satisfy due process is inapplicable when, as here, the state actor who effected the erroneous deprivation is a "high-ranking official with final authority over significant matters." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (internal quotation marks omitted). We disagree. As the district court correctly concluded, then-Chief Administrative Judge Pfau—not Defendants—"possessed and exercised the final authority to approve [Byrne's] termination."

We also reject Byrne's contention that the district court abused its discretion by failing to exercise supplemental jurisdiction over his NYSHRL claims. It is well settled that where the federal claims are eliminated before trial, "courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006). In deciding whether to exercise jurisdiction over supplemental state law claims, district courts should "balance the values of judicial economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the district court reasoned that "it would

4

be inefficient for parallel litigation against the judges in their individual capacities to proceed in federal court" and that the parties "can conveniently litigate the case in state court."  This was not an abuse of discretion.

We have considered Byrne's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```